**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fortitude Surgery Center LLC, | No. CV-24-02650-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Aetna Health Incorporated, et al., | |
| Defendants. | |

Plaintiff Fortitude Surgery Center LLC ("Fortitude") provided medical services to individuals and now seeks to recover payment for those services from defendants Aetna Health, Inc. and Aetna Life Insurance Company (collectively, "Aetna"). Fortitude's original complaint asserted an Employee Retirement Income Security Act ("ERISA") claim and seven state-law claims. Aetna sought dismissal of all claims and on May 19, 2025, this court dismissed all claims with limited leave to amend. Fortitude filed a first amended complaint and Aetna again moved to dismiss all claims. Aetna's motion is granted but Fortitude may have one last chance to amend.

**I.    Background**

Aetna is a health benefits insurer and insurance plan administrator which, Fortitude alleges, provided and/or administered insurance plans for individuals who received services from Fortitude, a surgical center. (Doc. 32 at 2-3.) Fortitude is out-of-network with Aetna, which in practice means Fortitude "submits claims to Aetna at [its] billed charges" rather than using previously-negotiated rates for reimbursement. (Doc. 32 at 4.) Fortitude's

pre-treatment process for verifying patients' insurance coverage was as follows: Prior to treating an Aetna member, Fortitude contacted Aetna to verify the individual was covered by Aetna and this coverage included outpatient benefits. (Doc. 32 at 6.) Fortitude also verified coverage for the specific treatment "either online via Aetna's website or through personal communication between Fortitude and Aetna." (Doc. 32 at 6-7.) When Fortitude directly "sought authorization from Aetna to provide [the specific] treatment" for the claims at issue, Aetna either authorized the treatment or, more often, "informed Fortitude that no preauthorization was necessary." (Doc. 32 at 8.) Fortitude also "evaluate[d] Aetna's Clinical Policy Bulletins to verify coverage for the procedure at issue and that procedure's status as reasonable and necessary." (Doc. 32 at 7.)

Despite its representations coverage would apply to the services Fortitude planned to provide, Aetna "began serially denying payment on the Fortitude bills" without warning (Doc. 32 at 11-12) and without explanation sufficiently detailed for Fortitude to glean the basis for the refusals (and the failed appeals Fortitude typically filed). (Doc. 32 at 17-18.) Fortitude alleges Aetna denied its claims "because Fortitude has common ownership with certain other pain management providers in the Phoenix area which had previously had disputed unpaid claims with Aetna." (Doc. 32 at 12.) As a condition of receiving care at Fortitude, each patient assigned benefits and rights to Fortitude, including the rights to obtain information regarding coverage and to collect payments Aetna owed the member; the validity of these assignments is uncontested. (Doc. 32 at 8-10; *see* Doc. 30 at 3.) Based on those assignments, Fortitude filed this suit asserting an ERISA claim on behalf of Aetna members on ERISA plans and state-law claims on behalf of Aetna members on non-ERISA plans.

In May 2025, the court dismissed the ERISA claim because Fortitude had not provided specific information supporting it. The court also dismissed the state-law causes of action because Fortitude did not identify any details about the non-ERISA plans and it was unclear whether ERISA preempted these claims. (Doc. 30 at 6.) The court granted Fortitude leave to amend its claims except for a claim under the Arizona Prompt Pay Act,

because that statute does not confer a private right of action. (Doc. 30 at 11.)

Fortitude has provided little additional information in the first amended complaint ("FAC"), mainly categorizing which claims belong to patients under ERISA plans ("ERISA members") and which belong to patients under non-ERISA plans ("non-ERISA members"). The ERISA claim again lacks specificity sufficient to survive a motion to dismiss. Though Fortitude added sufficient information to conclude the non-ERISA state-law claims are not in danger of ERISA preemption, the sole federal cause of action is dismissed and the court at this time declines to exercise supplemental jurisdiction over those claims.

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## III.    Discussion

Fortitude's ERISA claim and its state-law claims are dismissed. Though Fortitude has now categorized which unpaid claims belong to Aetna members on ERISA versus non-ERISA plans, Fortitude again failed to identify any particularities of the ERISA plans or which services Fortitude itself rendered, requiring dismissal of the ERISA claim. The state-law claims are pleaded with varying degrees of success—some in particular lack specificity like the ERISA claim—but all are dismissed with leave to amend because the ERISA claim was the sole federal cause of action and absent a viable federal claim, the court declines to

exercise supplemental jurisdiction.

### A. ERISA Claim

Fortitude asserts an ERISA claim "to recover benefits due. . . under the terms" of a benefit plan. 29 U.S.C. § 1132(a)(1)(B). This claim is brought on behalf of around 250 individuals covered by ERISA healthcare plans.[1] Fortitude alleges Aetna is liable for failure to pay ERISA plan benefits and owes Fortitude "the difference between what should have been paid [for services Fortitude rendered to ERISA members] and the amounts that were actually paid, if any, plus applicable interest and attorneys' fees[.]" (Doc. 32 at 20).

A plaintiff alleging an ERISA claim for benefits must "allege 'the existence of an ERISA plan,' and identify 'the provisions of the plan that entitle [him] to benefits.'" *Doe v. CVS Pharmacy, Inc*., 982 F.3d 1204, 1213 (9th Cir. 2020) (quoting *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc*., 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015)); *see also Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co*., No. 10-CV-04911-EJD, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011). To survive a motion to dismiss, claims for ERISA benefits "'must identify a specific plan term that confers the benefit in question.'" *Almont Ambulatory Surgery Ctr.*, 99 F. Supp. 3d at 1155 (citing *Sanctuary Surgical Ctr., Inc. v. UnitedHealth Grp., Inc*., 10–81589–CIV, 2013 WL 149356

---

[1] Fortitude describes "331 individual Aetna Members" total in the case, which appears to be incorrect. (Doc. 32 at 4.) There are 331 relevant claims, 320 of which are for services provided to 250 ERISA Aetna members (on rough estimate) and eleven of which are for services provided to four non-ERISA Aetna members.

Aetna argues two of the ERISA claims belong to a member who is on a plan associated with benefits from the federal government. There are special procedures for recovering benefits under such plans, and Aetna argued Fortitude had not complied with those procedures such that dismissal was required. 5 C.F.R. § 890.105. *See also Poggio v. United States Off. of Pers. Mgmt.*, No. 23-55685, 2024 WL 4501067, at *1 (9th Cir. Oct. 16, 2024) (administrative exhaustion required before seeking judicial review). Fortitude did not respond to this argument and Aetna did not address it in its reply. *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (a party who "fails to raise [an] issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim"). To the extent Fortitude is attempting to sue on behalf of individuals covered by federal plans, those claims are dismissed.

(S. D. Fla. Jan. 14, 2013) (simplified)); *see also Nazarian v. United Healthcare Servs., Inc.*, No. 223CV04604RGKMRW, 2023 WL 8125777, at *3 (C.D. Cal. Sept. 19, 2023) (motion to dismiss granted where plaintiffs provided language from some plans at issue but "fail[ed] to identify several of the ERISA plans").

Based on these pleading requirements, the court's previous order made clear that "[s]hould Fortitude choose to amend, it should at the very least identify the ERISA plans at issue, the plan terms covering the services Fortitude allegedly provided Aetna-members, and the services Fortitude provided to those patients." (Doc. 30 at 5.) If Fortitude could not obtain the plan information independently, the court instructed that "the complaint must detail its efforts to do so." (Doc. 30 at 5.) Fortitude largely ignored those instructions.

Fortitude's FAC provides a very limited amount of additional information regarding the plans and treatments at issue. In Ex. A to the FAC, Fortitude lists ERISA members' identifying information; patients' claim numbers, insurance policies, and insurance groups; dates of services provided and time of billing; claim amount; and a diagnostic ICD-10 code for each patient.[2] (Doc. 32 at 34-40.) Fortitude also attaches a sample policy, though it does not belong to any ERISA member involved in this case. (Doc. 32 at 45.) Fortitude claims it is the same type of plan as that of one ERISA member, J.M., but also mentions this plan may not even be an ERISA plan. (Doc. 32 at 13.) Fortitude also provides information about J.M.'s treatment, Manipulation Under Anesthesia. (Doc. 32 at 181-183.) The sample policy includes language which could require Aetna to cover J.M.'s procedure. (*See* Doc. 32 at 90.)

However, Fortitude does not identify the services it provided to any other ERISA member. Fortitude alleges "Aetna has this information [treatment records] on each and every Aetna Member at issue in this dispute," but even assuming that is true, service provider Fortitude also has this information and provides no explanation for its decision not to include it. (Doc. 32 at 4.) Fortitude seems to misunderstand its own documents as it

---

[2] In Ex. E, Fortitude provides the same information for patients Aetna identified as non-ERISA Aetna members.

- 5 -

1 argues one of the attachments to the FAC identifies treatment "information for every patient at issue" via "ICD 10 coding for the services rendered." (Doc. 32 at 4.) That is incorrect. ICD-10 codes are solely diagnostic and do not describe medical services needed or provided. For instance, Ex. A's ICD-10 code M75.01 refers to adhesive capsulitis of right shoulder, as confirmed in Ex. G; M66.372 refers to spontaneous rupture of flexor tendons. Listing those codes does not identify the treatment Fortitude provided.

Fortitude also does not identify any information about the controlling plans for any patient identified in the FAC, alleging no plan language and no discussion of the terms Fortitude alleges were breached. It is not relevant, let alone sufficient, that Fortitude has provided a plan which applies to no ERISA member at issue in this case. Fortitude agrees *Doe*, 982 F.3d at 1213, provides the applicable pleading standard. (Doc. 38 at 3.) But under *Doe*, an ERISA plaintiff must "'identify the provisions of the plan that entitle [him] to benefits.'" *Id.* (simplified). Fortitude has not met the pleading standard it argues should apply.

In the absence of plan-specific information, this court instructed Fortitude to detail steps it took to access plan information; Fortitude did not. In preemptive defense of this failure, Fortitude alleges only Aetna is in possession of members' policies. (Doc. 32 at 14.) First, this is untrue: every ERISA plan member has access to his or her own plan (or the ability to request plan documents). Second, it is no excuse for Fortitude's failure to detail any attempt at gaining the information, even if the plans were in Aetna's sole control. *See Physicians Surgery Ctr. of Chandler v. Cigna Healthcare Inc.*, 550 F. Supp. 3d 799, 808-09 (D. Ariz. 2021) (granting motion to dismiss and holding plaintiff cannot argue inaccessibility without "outlin[ing] its efforts to obtain plan documents"); *Sanctuary Surgical Ctr.*, 2013 WL 149356 at *6 n.4 (holding plaintiff assignee whose request for the administrative record was denied by defendant on privacy grounds *still* had no excuse for omitting plan information in the complaint where plaintiff could have asked members for a privacy release and requested the record again).

The reason Fortitude's FAC fails to detail steps taken to gain plan information is

evident from the briefing on Fortitude's motion for discovery outside the administrative record: there were no steps to detail. Fortitude did not attempt to access plan information at all until after the FAC *and* Aetna's motion to dismiss were filed. (Doc. 43-3 at 5.) This is despite the court instructing Fortitude it needed to include details of plans or identify the steps it took to obtain copies of the plans. It is also despite 29 U.S.C. § 1024(b)(4), which requires plan administrators to provide copies of plan documents on a beneficiary's request. Because these records must "ensur[e] that the individual participant knows exactly where he stands" regarding his benefits, the records would almost certainly include the plan information Fortitude needed to plead plausible claims. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 103 (1989). It was therefore well within Fortitude's ability to access plan information, whether by requesting the administrative record, simply asking Aetna, or taking other steps to obtain the information. For these reasons, Aetna's motion to dismiss Fortitude's ERISA cause of action is granted.

Nonetheless, Fortitude has moved much closer to successfully pleading its ERISA claim; the FAC now includes a list of ERISA members and the cost of services rendered. The court therefore grants Fortitude one final opportunity to amend its ERISA claim. If Fortitude opts to amend, it must identify the particular services rendered for which it is seeking to recover payment. This information undoubtedly is within Fortitude's possession so there is no excuse for Fortitude's failure to do so. Fortitude must also identify the specific plan language which Fortitude alleges confers out-of-network benefits for those particular services. This latter requirement will be possible because, as explained below, Aetna must produce the plans.

Based on communications between the parties, Aetna appears willing to provide the relevant plans. Fortitude should have sought the plan information much earlier but Aetna has now had well over a month since notice of Fortitude's request. Aetna therefore must provide copies of the relevant plans within fourteen days of this order. Production of the plans renders Fortitude's motion for discovery outside the administrative record

premature.³ This order does not extinguish Aetna's right to move for a protective order provided it complies with the procedures outlined in the court's October 16, 2024, order. (Doc. 12.)

Finally, Fortitude's opposition to the motion to dismiss exceeded the page limits. The court considers that opposition but future non-compliance with page limits will result in the striking of the document.

### B. State-Law Claims

As the Aetna members' assignee, Fortitude alleges several state-law causes of action relating to unpaid claims for the four non-ERISA Aetna members: breach of contract, breach of the implied covenant of good faith and fair dealing; unjust enrichment; promissory estoppel; negligent misrepresentation; and breach of implied contract. (*See* Doc. 32 at 20-31.)

Some of these claims are obviously flawed. For instance, a provider may not plead unjust enrichment against an insurer when the provider can collect payment from patients, as is the case in Arizona. *See Dependable Nurses of Phoenix LLC v. Cigna Healthcare Inc.*, No. CV-20-01877-PHX-SPL, 2021 WL 9597915, at *6 (D. Ariz. Feb. 2, 2021); *see also Abira Med. Lab'ys LLC v. Blue Cross Blue Shield of Ariz. Inc.*, No. CV-24-01485-PHX-SMB, 2025 WL 1000739, at *8 (D. Ariz. Apr. 3, 2025). It further appears Fortitude's negligent misrepresentation claim does not include sufficient information about the allegedly-misleading conversations to meet the pleading requirements of Rule 9(b). Fed. R. Civ. P. 9(b); *see In re Arizona Theranos, Inc., Litig.*, 256 F. Supp. 3d 1009, 1032 (D. Ariz. 2017) (negligent misrepresentation claims must generally meet Rule 9(b) particularity standard). And the contract-based causes of action suffer from similar pleading issues to the ERISA claim in that Fortitude has not pleaded the contracts'

---

³ Fortitude's motion for discovery outside the administrative record appears to conflate information that presumably would be within the administrative record (*e.g.*, the plans) with information outside the administrative record (*e.g.*, information about individuals who conducted administrative review). Discovery may be appropriate outside the administrative record at some point but not until Fortitude has stated a plausible claim for relief under ERISA and requested the administrative record.

- 8 -

language or relevant provisions, any particular promised rate of reimbursement, or the services Fortitude rendered and the dates on which it did so. *See Hannibal-Fisher v. Grand Canyon Univ.*, 523 F. Supp. 3d 1087, 1093 (D. Ariz. 2021) (to plead breach of contract, "'the Court must be able generally to discern at least what material obligation of the contract defendant allegedly breached.'" (simplified)).

However, regardless of the claims' merits, this court has dismissed the sole federal cause of action and Fortitude has not alleged jurisdiction based on diversity of citizenship. A court "may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C § 1367(c)] if the district court has dismissed all claims over which it has original jurisdiction." *Forest Ambulatory Surgical Assocs.*, 2011 WL 2748724, at *7; *see also Reiten v. Blue Cross of Cal.*, No. 219CV05274ABAFMX, 2020 WL 1032371, at *2 (C.D. Cal. Jan. 23, 2020). This court therefore grants the motion to dismiss the state-law claims with leave to amend.

### IV. Conclusion

Fortitude's ERISA claim is dismissed because it once again fails to identify the ERISA plans and services at issue or the steps taken to obtain plan information. Fortitude's state-law claims are dismissed because the only federal cause of action is dismissed, diversity jurisdiction is not alleged, and the court declines to exercise supplemental jurisdiction over the state-law claims.

/
/
/
/
/
/
/
/
/

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 35) is **GRANTED** with leave to amend.

**IT IS FURTHER ORDERED** no later than **September 29, 2025**, defendant shall provide the ERISA plans to plaintiff.

**IT IS FURTHER ORDERED** no later than **October 13, 2025**, plaintiff shall file a second amended complaint.

**IT IS FURTHER ORDERED** the Motion for Discovery Outside the Administrative Record (Doc. 39) as to ERISA Claims is **DENIED** as premature.

Dated this 15th day of September, 2025.

_____
Honorable Krissa M. Lanham
United States District Judge