**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Fortitude Surgery Center LLC,

Plaintiff,

v.

Aetna Health Incorporated, et al.,

Defendants.

No. CV-24-02650-PHX-KML

**ORDER**

Plaintiff Fortitude Surgery Center LLC's Motion for ERISA Discovery/Standard of Review Determination (Doc. 69) and defendants Aetna Health, Inc.'s and Aetna Life Insurance Company's (collectively, "Aetna's") opposition (Doc. 135) contain two disputes: (1) the standard of review applicable to Fortitude's ERISA claim; and (2) the appropriate scope of discovery for Fortitude's ERISA claim. The proper standard of review is abuse of discretion, and Fortitude may serve Aetna with certain limited discovery requests listed in its motion.

**I. Standard of Review**

By default, district courts review an administrator's ERISA denial of benefits de novo. But if the plan unambiguously confers to the administrator discretion in determining benefits, "the standard of review shifts to abuse of discretion." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Aetna bears the burden of proving that the relevant plans grant

sufficient discretion. *Prichard v. Metropolitan Life Ins. Co.*, 783 F.3d 1166, 1169 (9th Cir. 2015).

Under the doctrine of judicial admissions, Fortitude has effectively conceded that the standard of review should be abuse of discretion. Statements of fact in pleadings are "judicial admissions" that are "conclusively binding" unless amended or otherwise explained by the party to be error. *Atencio v. TuneCore, Inc.*, 843 F. App'x 42, 44 (9th Cir. 2021) (quoting *Am. Title Ins. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). Judicial admission of a fact withdraws that fact from issue and "dispens[es] wholly with the need for proof of the fact." *In re Barker*, 839 F.3d 1189, 1195 (9th Cir. 2016) (quoting *Am. Title Ins.*, 861 F.2d at 226)).

Fortitude's Second Amended Complaint states that Aetna "exercised discretionary authority or discretionary control respecting the management or disposition of Plan assets, and Aetna has discretionary authority or discretionary responsibility in the administration of the Plans." (Doc. 52 at 52.) It continues: Aetna has "full discretionary authority to make factual determinations, to determine eligibility for benefits, to determine the amount of benefits for each claim received, and to construe terms of the Plan with respect to benefits." (Doc. 52 at 52.) Aetna's answer admitted the same. (Doc. 62 at 44.)

Fortitude has not amended its Second Amended Complaint. Nor does its present motion explain why its factual allegation was error. Fortitude contends it needs discovery to evaluate the language of various plans relevant to the standard of review, but for ERISA claims like this one the standard of review shapes discovery—not the other way around. *Abatie*, 458 F.3d at 969. Fortitude's allegation that the relevant plans conferred Aetna discretion therefore constitutes a binding judicial admission and Aetna is relieved of its burden of showing that fact. *In re Barker*, 839 F.3d at 1195. For present purposes, Fortitude's factual admission establishes that the applicable standard of review is abuse of discretion.

## II. Scope of Discovery

Fortitude seeks authorization to serve 25 interrogatories and 37 requests for

production ("RFPs") on Aetna. (Doc. 69 at 1.) Fortitude also wants to depose Kim Lajoie—the Aetna Claim Investigator who sent a letter to Fortitude on May 1, 2020—and, separately, Aetna under Fed. R. Civ. P. 30(b)(6). (Doc. 69 at 1.) Aetna has already agreed to respond to interrogatories 2–4, 10, 11, 15, 22, and 25, and to produce documents responsive to RFPs 4, 6, 12, 15–19, and 21–25. (Doc. 135 at 7.) The parties dispute whether Aetna must respond to the remaining interrogatories, RFPs, and proposed depositions.

When reviewing an ERISA plan administrator's decision for abuse of discretion, district courts may admit evidence outside the administrative record "to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Abatie*, 458 F.3d at 970; *Stambaugh v. Reliance Standard Life Ins. Co.*, 708 F. Supp. 3d 1388, 1394 (D. Ariz. 2024). An insurer that is both the plan administrator and the funding source for benefits operates under a structural conflict of interest. *Abatie*, 458 F.3d at 965. Although Fortitude does not point to any specific plan for which Aetna is both administrator and payer or otherwise under a conflict, Aetna's motion and accompanying appendix identify four plans where it is both administrator and payer. (Doc. 135 at 5 n.5; Doc. 139 at 16–17, 19–21, 26.) As to those plans, Aetna operates under a structural conflict of interest.

District courts may also order discovery when procedural irregularities "have prevented full development of the administrative record." *Id.* at 973. Fortitude alleges "procedural failure" regarding the May 1, 2020 letter from Aetna's Special Investigations Unit (Doc. 69 at 4), but does not elaborate on how the letter's purported deficiencies show Aetna's failure to fully develop the administrative record with documents about the claims it actually denied.

This court will therefore permit discovery on "the nature, extent, and effect" of Aetna's structural conflict on Fortitude's claim denials. *Id.* at 970. Fortitude may inquire into "[f]acts involving [Aetna]'s processing and investigation of" its claims, "the reasons given for the denial," and other aspects of how Aetna's status as both payer and administrator may have impacted its review of Fortitude's claims. *Stambaugh*, 708 F. Supp. 3d at 1394. But in keeping with the "limited discovery" afforded when reviewing for abuse

of discretion, *id.* at 1392, the court cabins discovery to information about *Fortitude's* claims—not claims by other providers—and only those governed by the four plans where Aetna disclosed a structural conflict. With those limitations to the information Aetna must disclose in response, Fortitude may serve the following RFPs and interrogatories in addition to those Aetna has agreed to respond to:

1. RFPs 8, 20, 27–31, and 35–36.
2. Interrogatories 5, 8, 13, and 16.

Fortitude may also depose—only on the structural conflict of interest—Kim Lajoie and Aetna's designees under Fed. R. Civ. P. 30(b)(6). The remaining proposed discovery requests are not permitted.

Accordingly,

**IT IS ORDERED** the Motion for Discovery (Doc. 69) is **GRANTED IN PART**. Fortitude may serve Aetna with RFPs 8, 20, 27–31, and 35–36 and interrogatories 5, 8, 13, and 16 listed in their Motion for Discovery/Standard of Review Determination. (Doc. 69.) Aetna may limit its responses to these RFPs and interrogatories to information applicable to Fortitude's claims governed by the four plans where Aetna disclosed a structural conflict in the appendix accompanying its opposition. (Doc. 139.) Fortitude may also serve Aetna with the RFPs and interrogatories Aetna has agreed to respond to.

**IT IS FURTHER ORDERED** that Fortitude may take the deposition of Kim Lajoie and one Fed. R. Civ. P. 30(b)(6) deposition of Aetna concerning claim-adjudication systems, Flags, automation, the May 1 process, and conflict-mitigation measures, which are the only proposed topics that appear to relate to Fortitude's claims governed by the four plans where Aetna disclosed a structural conflict. Aetna may designate multiple corporate representatives as necessary to provide complete testimony.

**IT IS FURTHER ORDERED** that the parties shall complete fact discovery no later than **December 15, 2026**.

**IT IS FURTHER ORDERED** that all parties and their counsel shall meet in person and engage in good faith settlement talks no later than **January 12, 2027**. Upon completion

of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the court that good faith settlement talks have been held and report on the outcome of such talks. The parties shall promptly notify the court if settlement is reached.

**IT IS FURTHER ORDERED** that dispositive motions shall be filed no later than **February 1, 2027**. Responses shall be filed no later than **March 11, 2027**. Replies shall be filed no later than **April 8, 2027**.

Dated this 6th day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**